Tucker, P.
Concurring as I do in the opinion just delivered by my brother Allen, that the verdict in this case is unsupported by the facts certified by the court, and that the judgment should be reversed and a new trial awarded, I think it proper to say, that I cannot altogether acquiesce in his views as to the principles which should govern this appellate tribunal on questions of new trial, where the jury and the inferior court have concurred in their opinions against the party asking it. There is, perhaps, after all, but a shade of difference; but I deem it right, until we can have a full court to settle the question, to prevent the conclusion which might be drawn from my silence, that I yield entire concurrence in the opinions which have been expressed.
Where the facts certified to this court under the rule established in Bennett v. Hardaway, present but a naked question of lato, there seems to be no difference of opi *164 nion. In such, a case, this court would not be influenced by the opinion of the jury or inferior court as to the law of the case, and would grant a new trial or not, raccording to its own opinion of the law arising upon the facts stated. Fisher v. Vanmeter, cited at the bar, rests on this principle. But it sometimes happens, that from the. facts stated, some other fact must be inferred, in order to make out the case of the party. As in trover, though the conversion may not in terms be proved, yet facts may be proved from which the jury may have inferred a conversion. So, in Carrington v. Bennett, gaming was not distinctly proved to be the considera- ' tion of the contract, yet from the facts stated, the jury might have inferred it. And so in this case of a gift. Facts are here proved, from which the jury doubtless inferred a gift; and the only question is as to the correctness of this inference. Indeed, in all these cases, the question presents itself, not whether the verdict is right in point of laio, but whether the jury have fairly inferred the issue, or main fact in the cause, from the facts which have been actually proved with a view to establish it. .Where such a case presents itself, my brethren seem to think, that little weight is to be attributed. to the opinions of the court and jury, though they admit that they would lean in favour of the verdict, if they felt doubts upon their own minds in relation to the.propriety of the inference to be drawn. On the other hand, it seems to me, that although the decision in Bennett v. Hardaway removes one great difficulty, by substituting a .certificate of the facts,. for. a certificate of the evidence, it is still reasonable .to. presume, that the -jury and the trying court may often have superior means of arriving at a correct inference from the facts found, arising out of incidents at the trial which may be omitted, or could not easily be committed to the court’s certificate. The prevarication of an unwilling witness might, lead the jury who heard, him, to *165 draw stronger inferences from the facts extorted from him, than this court might be disposed to draw from the naked fact appearing upon the record. I therefore think, that the true rule still is, that where the jury and the court below concur, this court should not grant a new trial upon the ground that false inferences have been drawn from the facts found, “ unless in a case of plain deviation, and not in a doubtful one, merely because the court, if of the jury, would have given a different verdict.”
Judgment reversed, and cause sent back for a new-trial.